UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

**United States of America,**
Plaintiff,                                              Case No. 25-cr-20248

v.                                                      HON. NANCY G. EDMUNDS

**Juan Ramon Ramirez-Maldonado,**
Defendant.

_____/

## DEFENDANT'S SENTENCING MEMORANDUM

### Introduction

Mr. Ramirez-Maldonado stands before the Court for sentencing on a single count of unlawful re-entry in violation of 8 U.S.C. § 1326(a).  There are no objections to the Presentence Report (PSR) from either party.  The PSR calculates a Total Offense Level of 4 and Criminal History Category I, yielding an advisory guideline range of 0–6 months (Zone A).  *See* PSR ¶¶ 24–29, 45–47. Mr. Ramirez-Maldonado has already served approximately five and a half months in federal custody and is subject to an immigration detainer.  In light of the § 3553(a) factors, the history and characteristics set forth in the PSR, and the strong likelihood of swift transfer to ICE custody, a sentence of time served is "sufficient, but not greater than necessary" to achieve the purposes of sentencing.  18 U.S.C. § 3553(a).

## Guideline Calculation (Undisputed)

- Base offense level for § 1326(a): **8**. USSG §2L1.2(a).

- Acceptance of responsibility: **–2**. USSG §3E1.1(a).

- Zero-Point Offender adjustment: **–2**. USSG §4C1.1(a)–(b).

- Total Offense Level: 4; CHC I; advisory range **0–6 months**; Zone A.  PSR ¶¶ 16–25, 46–47.

- Supervised release is ordinarily not recommended for a deportable non-citizen likely to be removed.  USSG §5D1.1(c); PSR ¶¶ 49–51.

- Mr. Ramirez-Maldonado lacks the ability to pay a fine; a fine should be waived.  PSR ¶ 44, 55–57.

## Nature and Circumstances of the Offense – § 3553(a)(1)

This offense is *non-violent* and arose from Mr. Ramirez-Maldonado's return to the United States after a prior removal.  According to the PSR, he entered near El Paso, Texas, in May 2024, and was later encountered in Warren, Michigan, on March 31, 2025.  PSR ¶¶ 11–12, 64.  There are no identifiable victims.  PSR ¶ 13.  He promptly accepted responsibility by pleading guilty to Count One.  PSR ¶ 15.

## History and Characteristics – § 3553(a)(1)

The PSR paints a human story that explains, without excusing, Mr. Ramirez-Maldonado's choices.  He is a 29-year-old native of Copán, Honduras, with a fifth-grade education, *no* criminal record, and *no* history of drug use or substance abuse treatment. PSR ¶¶ 26–29, 33–34, 41–42.  He grew up in extreme poverty, in a home "in very poor condition," where family members at times went

without food and basic necessities. PSR ¶ 34. He was raised in a Christian family and "in the church." *Id*. He is in a committed relationship; he and his partner have a 9-year-old daughter who resides in Honduras. PSR ¶ 35. Before his arrest, he supported himself with roofing work. PSR ¶ 43. Nothing in his background suggests violence, danger, or recidivist tendencies; to the contrary, he is the quintessential zero-point offender contemplated by § 4C1.1.

### The Purposes of Sentencing – § 3553(a)(2)

A. **Just punishment & deterrence.** The five-plus months he has already served, coupled with the stigma and collateral consequences of felony conviction and imminent removal, are sufficient to reflect the seriousness of this offense and to deter future misconduct. *See Gall v. United States*, 552 U.S. 38, 54 (2007) (courts must impose the minimally sufficient sentence); *United States v. Bolds*, 511 F.3d 568, 581 (6th Cir. 2007) (same). Mr. Ramirez-Maldonado has shown remorse and acceptance of responsibility (PSR ¶ 15), and nothing in the record suggests he requires additional incarceration to "promote respect for the law."

B. **Protection of the public.** Mr. Ramirez-Maldonado has *no* criminal history (PSR ¶¶ 26–29) and this case involves *no* violence or aggravated conduct. The Sentencing Commission recognized that zero-point offenders generally pose a lower risk of recidivism; § 4C1.1 reflects that judgment, and the PSR

    specifically notes that for such defendants in Zone A, a sentence without imprisonment is generally appropriate under USSG §5C1.1 and its commentary. *See* PSR ¶ 47. Continued incarceration would not meaningfully advance public safety.

C. **Rehabilitation.** Given his immigration status and detainer, further BOP programming has little utility. Any rehabilitative needs can be addressed upon removal and reunification planning with his family and church community.

### The Advisory Range and Policy Statements – § 3553(a)(4)–(5)

The advisory range is **0–6 months**. PSR ¶¶ 45–47. Nothing in the policy statements calls for a higher sentence. To the contrary, USSG §5D1.1(c) counsels against supervised release for deportable non-citizens who will likely be removed. PSR ¶¶ 49–51. This Court may also consider policy judgments embedded in the Guidelines and vary if they fail to account for an individual defendant's circumstances. *See Kimbrough v. United States,* 552 U.S. 85, 101–10 (2007); *United States v. Herrera-Zuniga,* 571 F.3d 568, 582–84 (6th Cir. 2009) (recognizing district court's discretion to vary based on § 3553(a) even in illegal-reentry cases).

### Avoiding Unwarranted Disparities – § 3553(a)(6)

A time-served sentence falls within the guideline range and accords with sentences routinely imposed in similar § 1326(a) cases for first-time, non-violent offenders with CHC I who promptly accept responsibility.  It therefore avoids unwarranted disparity.

### Request for Sentence and Specific Recommendations

For the reasons above, Mr. Ramirez-Maldonado respectfully requests that the Court:

1. Impose a sentence of **TIME SERVED**.
2. **Waive any fine** based on inability to pay and impose the mandatory **$100 special assessment** only.  PSR ¶¶ 44, 55–57. Page 5  of 6
3. **Do not impose supervised release**, consistent with USSG §5D1.1(c).  PSR ¶¶ 49–51.
4. **Recommend immediate transfer to ICE custody** upon entry of judgment to facilitate prompt removal processing and reduce unnecessary detention costs.  *See* PSR ¶¶ 49–51 (deportable alien; removal likely).
5. Enter judgment forthwith so that ICE may assume custody without delay.

### Conclusion

Mr. Ramirez-Maldonado is a humble, hard-working, faith-oriented father who returned to this country seeking the ability to work and provide for his family after a childhood marked by profound deprivation.  He has accepted responsibility and already served a sentence sufficient to meet the goals of § 3553(a).  Further incarceration would be greater than necessary.  A sentence of **time served**, no

supervised release, and immediate transfer to ICE custody is sufficient, just, and consistent with the Guidelines and the PSR's findings.

Respectfully submitted,

**The Cromer Law Group, PLLC**

By: **Ronnie E. Cromer, Jr.**
Ronnie E. Cromer, Jr., (P59418)
Counsel for Mr. Ramirez-Maldonado
rcromerjr@thecromerlawgroup.com
Dated: September 9, 2025

## Certificate of Service

I hereby certify that on September 9, 2025, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notification to all counsel of record.

**/s/ Ronnie E. Cromer, Jr.**